IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 16, 2016 at Knoxville

## MARTIN DEAN GIBBS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2009-D-3561     Mark J. Fishburn, Judge**

_____

**No. M2016-00218-CCA-R3-PC – Filed October 13, 2016**

_____

The Petitioner, Martin Dean Gibbs, appeals as of right from the denial of his petition for post-conviction relief, wherein he challenged his convictions for multiple counts of aggravated sexual battery of a child less than thirteen years of age and rape of a child more than three years of age but less than thirteen years of age. See Tenn. Code Ann. §§ 39-13-504; -522. On appeal, the Petitioner contends that he received ineffective assistance of counsel based on trial counsel's failure to provide appropriate accommodations for the Petitioner's hearing difficulties during his trial. The Petitioner claims that, because of this failure, he was unable to meaningfully participate in his own defense at trial. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Comer L. Donnell, District Public Defender; and Ryan C. Caldwell, Nashville, Tennessee, for the appellant, Martin Dean Gibbs.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Alyssa Henning, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

On December 18, 2009, the Davidson County Grand Jury indicted the Petitioner for eight counts of aggravated sexual battery of a child less than thirteen years of age and four counts of rape of a child more than three years of age but less than thirteen years of age. See Tenn. Code Ann. §§ 39-13-504; -522. Following a jury trial, the Petitioner was convicted as charged, except for one count of rape of a child, which resulted in a conviction of the lesser-included offense of aggravated sexual battery of a child. The trial court sentenced the Petitioner to a total effective sentence of twenty-five years at 100% to be served in the Tennessee Department of Correction.

The Petitioner appealed his conviction and challenged the witness testimony, arguing that the evidence was insufficient to support his conviction, and asserting that there was a violation of his right against double jeopardy. State v. Martin Dean Gibbs, No. M2011-00740-CCA-R3-CD, 2012 WL 2402674, at *1 (Tenn. Crim. App. June 27, 2012), perm. app. denied (Tenn. Oct. 17, 2012). The State acknowledged that the evidence was insufficient to support one count of rape of a child more than three years of age but less than thirteen years of age. This court agreed and dismissed that count and affirmed the remainder of the Petitioner's convictions. Id.[1]

As recounted on direct appeal, the Petitioner's convictions arose from the following facts. The aggravated sexual battery offenses occurred between April 25, 2006, and December 3, 2009, and the rape of a child offenses occurred between July 1, 2007, and December 3, 2009. Id. at *1. The victim of the offenses was the Petitioner's step-granddaughter, who was born in April 2001. Id. At trial, the victim testified that she was nine years old. Id. at *2. The State showed her an anatomical drawing of a young, naked female, and the victim identified "the breasts, buttocks, and genitalia." Id. The State also showed her an anatomical drawing of a naked man, and she identified "the breasts, buttocks, and genitalia[.]" Id. The victim "referred to the buttocks as 'bottom' and the genitalia as 'stuff.'" Id. She stated that she would spend time at her grandparents' home "playing on the computer, watching television, and riding a four-wheeler." Id. She then explained that during these visits, her grandfather, the Petitioner, touched her "stuff." The victim testified that the Petitioner would "usually put his hands in [her] stuff" while she was in the computer room. The victim stated the Petitioner touched her skin and over her clothes. Id. The victim then described several other incidents of abuse that occurred in her grandparents' bedroom and while she and the Petitioner were riding a four-wheeler. Id. at *3.

---

[1] Based upon our calculations of the results of the jury trial and the direct appeal, we find the Petitioner has nine convictions for aggravated sexual battery of a child less than thirteen years of age and two convictions for rape of a child more than three years of age but less than thirteen years of age. See Tenn. Code Ann. §§ 39-13-504; -522.

On October 16, 2013, the Petitioner filed a timely petition for post-conviction relief.[2] Upon appointment of counsel, the Petitioner filed an amended petition. The post-conviction court held an evidentiary hearing. At the post-conviction court's evidentiary hearing, the Petitioner testified first. The Petitioner confirmed that he was represented by an attorney from the district public defender's office at trial. The Petitioner then testified that he was hearing impaired, though he admitted that he had never been medically diagnosed. When asked if he was able to hear everything that was said at his trial, the Petitioner responded, "[n]o." He claimed he only heard "probably 15 [percent] maybe, or 20 percent." The Petitioner testified he complained to his trial counsel about not being able to hear the trial and claimed she responded, "I'm sorry." He further testified that his trial counsel did not attempt to get the Petitioner a hearing aid or any other type of hearing apparatus to assist him.

Following the Petitioner, the State called his trial counsel to testify. Trial counsel stated that she had practiced law for thirty years, and she represented the Petitioner in his 2010 trial. She, along with another attorney, tried the Petitioner's case. Trial counsel testified that she never had any difficulty communicating with the Petitioner throughout her representation. She testified she visited him numerous times at the Criminal Justice Center, and she claimed that during those visits, she never had any difficulty communicating with the Petitioner. When asked if she had any difficulty communicating with her client during the trial, trial counsel asserted, "No, [she] did not and [the Petitioner] never asked for any kind of accommodation at the trial." She acknowledged that "there was one time during the trial when [the Petitioner] said he couldn't hear a witness and [trial counsel] asked the judge if the witness could speak up[.]" She explained the Petitioner then "indicated that that was fine and [they] had no other discussions about [the Petitioner's] hearing." Trial counsel testified that the Petitioner did not mention having any other difficulty hearing throughout the trial. She consulted with the Petitioner, and he gave input during the trial, according to trial counsel. Trial counsel said this indicated to her that the Petitioner was able to hear what was occurring, and she stated that "[she] believed at that time that for the most part [the Petitioner] was hearing everything and [she] had no reason not to think so."

The post-conviction court subsequently denied the petition. In its order denying the Petitioner relief, the post-conviction court stated as follows

---

[2] The State argues that the Petitioner has waived review of his claims because he failed to file timely a petition for post-conviction relief. Here, the Petitioner states in his pro se petition that he presented the petition to the appropriate prison authorities for mailing on October 16, 2013. See Tenn. R. Crim. P. 49(d) (the "prison mailbox rule" provides that papers filed by incarcerated pro se litigants may be considered filed within the prescribed time if delivered to the appropriate prison authority for mailing within the time allowed for filing). See also Tenn. S. Ct. R. 28, § 2(G). The Tennessee Supreme Court denied review of the Petitioner's case on October 17, 2012. Because the Petitioner had one year from that date to file his petition, we conclude that the Petitioner's petition is timely filed.

The Petitioner's claim that counsel failed to adequately communicate with him is simply specious at best. [Trial counsel] testified, she met with the Petitioner many times and did not have any issues communicating with the Petitioner in preparing for trial or during the trial. The [c]ourt finds [trial counsel's] testimony to be credible and truthful on this point. The [c]ourt does not believe the Petitioner was unable to communicate in his defense at trial.

On January 28, 2016, the Petitioner filed a notice of appeal.

ANALYSIS

On appeal, the Petitioner argues that the post-conviction court erred in finding that the Petitioner received effective assistance of counsel. The Petitioner argues that he did not receive effective assistance of counsel at his trial due to trial counsel's deficient performance. Specifically, the Petitioner argues that he has a hearing problem and that trial counsel failed to make reasonable accommodations. As a result, the Petitioner contends he was unable to participate in his own trial because he could not adequately hear what the witnesses said throughout the trial. The State responds that the Petitioner did receive effective assistance of counsel.

The Petitioner also claims that trial counsel failed to mount a meaningful defense and failed to hold the State to its burden by not demanding a more detailed bill of particulars. However, the Petitioner has waived our review of these issues. Rule 10 of the Rules of the Court of Criminal Appeals of Tennessee addresses inadequate briefs. See also Tenn. R. App. P. 27(a). It states, in relevant part, "Issues which are not supported by argument, citation to authorities, or appropriate references to the record shall be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b). The Petitioner simply states in the argument section of his brief that his counsel failed to adequately prepare for his trial by not mounting a meaningful defense or requesting a more specific bill of particulars. The Petitioner does not specify how his trial counsel failed to prepare an appropriate defense, nor does he address the inadequacies of the bill of particulars. Additionally, the Petitioner fails to explain how he was prejudiced at his trial. Therefore, the Petitioner is not entitled to appellate review of these claims.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Criminal defendants are constitutionally guaranteed the right to effective assistance of counsel. Dellinger v. State, 279 S.W.3d 282, 293 (Tenn. 2009) (citing U.S. Const. amend. VI; Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). When a claim of ineffective assistance of counsel is made under the Sixth Amendment to the United States Constitution, the burden is on the petitioner to show (1) that counsel's performance was

deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness," despite the fact that reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688-89. Prejudice requires proof of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. "Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance." Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. Hellard v. State, 629 S.W. 2d 4, 9 (Tenn. 1982).

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger, 279 S.W.3d at 293-94 (Tenn. 2009). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Here, the Petitioner argues that trial counsel should have made a greater effort to provide hearing accommodations to him during his trial so that he could have participated in his own defense. We find nothing in the record that preponderates against the trial court's finding that trial counsel's testimony was truthful with regards to the Petitioner's ability to hear and communicate during his trial. Trial counsel explained that the Petitioner gave input throughout his trial, and she communicated effectively with him during the trial. We agree with the post-conviction court's conclusion that the Petitioner

was unable to show either deficient performance or prejudice. Accordingly, the Petitioner is not entitled to relief on this issue.

## CONCLUSION

Based upon consideration of the foregoing and the record as a whole, the post-conviction court's denial of the petition for post-conviction relief is affirmed.

_____

D. KELLY THOMAS, JR., JUDGE